IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DIEDRA SIMPSON, | : | CASE NO. 3:20-cv-65 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | |
| JOHN TOKARZ, et al., | : | |
| Defendants. | : | |
| CALEB UPTON | : | CASE NO. 3:20-cv-71 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, | : | |
| Defendant. | : | |
| KATRICE MARSHALL | | CASE NO. 3:20-cv-72 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE | : | |
| Defendant. | : | |

DECISION AND ENTRY DISMISSING WITH PREJUDICE ALL CLAIMS OF PLAINTIFFS IN (1) CASE NO. 3:20-CV-65 PURSUANT TO DECISION AND ENTRY FILED APRIL 9, 2021, (DOC. #24) AND SUSTAINING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM (DOC. #13); (2) CASE NO. 3:20-CV-71 PURSUANT TO DECISION AND ENTRY FILED APRIL 9, 2021, (DOC. #19) AND SUSTAINING MOTION TO DISMISS FOR LACK OF JURISDICTION AND

FAILURE TO STATE A CLAIM (DOC. #17); AND (3) CASE NO. 3:20-CV-72 PURSUANT TO DECISION AND ENTRY FILED APRIL 9, 2021, (DOC. #26); SUSTAINING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM (DOC. #21); TERMINATION ENTRY IN CASE NO. 3:20-CV-65; CASE NO. 3:20-CV-71; AND CASE NO. 3:20-CV-72

---

This matter is before the Court pursuant to (1) an April 9, 2021, Decision and Entry filed in three cases: Case No. 3:20-cv-65, Doc. #24; Case No. 3:20-cv-71, Doc. #19; and in Case No. 3:20-cv-72, Doc. #26. This Decision and Entry ordered Plaintiffs to show cause, on or before April 26, 2021, as to (1) why each case should not be dismissed with prejudice and (2) why a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim ("Motion to Dismiss"), filed by Defendants, the United States of America ("United States") and the United States Department of the Air Force, ("USAF"), in each case, Doc. ##13, 17 and 21, respectively, should not be sustained. The Motions to Dismiss assert, among other things, that although Defendant, John Tokarz, was an employee of the USAF and working at Wright-Patterson Air Force Base ("WPAFB") in Dayton, Ohio, on the date of the November 27, 2017, accident, he was not within the course and scope of his employment when the accident occurred.

The Court will briefly review the background of the April 9, 2021, Decision and Entry and the Motions to Dismiss.

I.     April 9, 2021, Decision and Entry

As stated in the Decision and Entry, the Court conducted two *in camera* reviews of Defendant Tokarz's medical records for November 27, 2017. The first *in camera* review was of the medical records provided to the Court by Defendant Tokarz's counsel and the second *in camera* review consisted of the medical records that were subpoenaed and provided directly to the Court from the three medical providers. The purpose of each review, which was requested by Plaintiffs' counsel, was for the Court to see if information existed in the medical records indicating whether Defendant Tokarz was within the course and scope of his employment at the time of the November 27, 2017, accident. Assuming said review by the Court was consistent with Defendant Tokarz's sworn deposition testimony, Plaintiffs, who had not yet responded to the Motions to Dismiss, represented that they would file a Stipulation of Dismissal without prejudice in each of the three cases.

The Decision and Entry states that the Court found no information in either *in camera* review indicating that Defendant Tokarz was within the course and scope of his employment at the time of the accident. Accordingly, Plaintiffs' counsel were ordered to show cause by April 26, 2021, as to why Case Nos. 3:20-cv-65, 3:20-cv-71 and 3:20-cv-72 should not be dismissed, <u>with</u> prejudice, for lack of subject matter jurisdiction and/or for failure to state a claim.

Plaintiffs have filed no response to the Court's Decision and Entry directing them to show cause by April 26, 2021, as to why the cases should not be dismissed with prejudice.

II.    **Motion to Dismiss**

Plaintiffs' three Complaints seek relief against the United States and/or the USAF under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), for wrongful death and injuries. The FTCA authorizes:

> [C]ivil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The United States and the USAF move for dismissal of these Complaints pursuant to Fed. R. 12(b)(1). They assert both a facial attack, with all the allegations of the complaint taken as true, similar to the analysis undertaken in deciding a motion to dismiss, *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir.2012) (quoting *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)), and a factual attack. In a factual attack, the Court is permitted to weigh the evidence in support of the motion *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Defendants' Motions to Dismiss, Doc. #13, 17 and 21, include a declaration of Timothy R. Kwast, Division Chief

Engineer at WPAFB and supervisor of Defendant Tokarz, and a declaration of Benjamin J. Hall, a Human Resources Specialist employed by the USAF. The Hall declaration also includes Air Force Instruction 36-807 and a supplement to this instruction. The instruction and supplement state, among other things, that scheduled lunch periods at WPAFB range from 30 minutes to one hour, are unpaid and not considered duty time. The United States and the USAF assert that their Motions to Dismiss should be granted for three reasons: (1) the USAF must be dismissed since under the FTCA the United States is the only proper party Defendant; (2) the Court lacks jurisdiction under the FTCA since there is no evidence that Defendant Tokarz was within the scope of his employment at the time of the accident; and, (3) as to Case No. 20-cv-65, the Simpson Complaint, allegations that the United States has liability for entrusting the vehicle that Defendant Tokarz was driving and /or for failing to maintain or to inspect the vehicle are unsupported by any evidence, merely conclusionary allegations and not permitted under Ohio law.

As to Defendants' first reason in support of their Motions to Dismiss, the law is clear that under the FTCA, the United States is the only proper defendant in these cases. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.") Because both the Upton Complaint, Case No. 3:20-cv-71, and the Marshall Complaint, Case No. 3:20-

5

cv-72, assert a claim under the FTCA naming only the USAF as Defendant, the Court sustains the Motions to Dismiss as to these two cases. In the Simpson Complaint, Case No. 3:20-cv-65, both the United States and USAF are named as Defendants. Accordingly, the Court sustains Defendants' Motion to Dismiss the USAF as a defendant from this case.

The Motions to Dismiss also argue that Defendant Tokarz was not within the scope of employment with the USAF at the time of the accident, since he was driving his personal vehicle during an uncompensated lunch break and was not on duty for his employer. In determining whether an employee is within the course and scope of his employment, the Court applies Ohio law, the law of the state where the accident occurred. *Williams v United States*, 350 U.S. 857 (1955). Under Ohio law, and based on the Kwast declaration, the Hall declaration and the exhibits referenced therein, the Court finds that there is no evidence that Defendant Tokarz was within the scope of his employment at the time of the accident. *Faber v. Metalweld, Inc.*, 89 Ohio App.3d 794, 797 (Ohio Ct. App. 1992) citing *Bosh v. New York Life Ins. Co.*, 175 Ohio St. 458 (1964) (employee driving personal vehicle is within the scope of his employment during a traffic accident only if (1) the employer authorized the employee to use his own vehicle to perform the work; (2) at the time of the accident, the employee was actively doing the work he was employed to do; and (3) the employee was subject to the direction and control of the employer in the operation of the vehicle.) Specifically, at the time of the accident, Defendant Tokarz was on his lunch break and "off

duty," thus not doing the government's work and subject to its direction and control. Accordingly, the Court sustains Defendants' Motions to Dismiss as to all three Complaints, based on the fact that Defendant Tokarz was not within the scope and course of his employment at the time of the accident. Finally, the Motions to Dismiss assert that allegations for negligent entrustment for the vehicle that Defendant Tokarz was driving and /or for the failure of the United States to maintain or inspect said vehicle in the Simpson Complaint, Case No. 20-cv-65, are mere conclusory allegations, with no facts alleged in support, and are claims not recognized under Ohio law. *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) ("... the FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a "private individual in similar circumstances. 28 U.S.C. § 2674."). Because Defendant Tokarz was operating his own vehicle during his off-duty lunch break, the Court sustains the Motion to Dismiss concerning the allegations in the Simpson Complaint of negligent entrustment and failure to maintain and inspect the vehicle.

### III. Conclusion

For the reasons set forth in the April 9, 2021, Decision and Entry, the Court DISMISSES Case No. 3:20-cv-65, Case No. 3:20-cv-71 and Case No. 3:20-cv-72 WITH PREJUDICE to refiling in this Court. Additionally, for the reasons stated above, the Court SUSTAINS the Motion to Dismiss for Lack of Jurisdiction and

Failure to State a Claim filed by the United States and the USAF, Doc. #13 in Case No. 3:20-cv-65; Doc. #17 in Case No. 3:20-cv-71 and Doc. #21 in Case No. 3:20-cv-72.

The captioned cases are hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: June 3, 2021

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE